UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| KURT LEE PFOHL,<br>    Plaintiff,<br>  v.<br>CAROLYN W. COLVIN,<br>    Defendant. | Case No. 15-cv-03542-NJV<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16, 17 |

## INTRODUCTION

Plaintiff, Kurt Lee Pfohl, seeks judicial review of an administrative law judge ("ALJ") decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act. Plaintiff's first request for review of the ALJ's unfavorable decision was granted by the Appeals Council and remanded back to the ALJ for a new hearing and new decision. On remand the ALJ issued a second unfavorable decision. Review of that decision was denied by the Appeals Counsel. The decision thus is the "final decision" of the Commissioner of Social Security, which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge. (Docs. 5 & 10). The court therefore may decide the parties' cross-motions for summary judgment. For the reasons stated below, the court will grant Plaintiff's motion for summary judgment, and will deny Defendant's motion for summary judgment.

## LEGAL STANDARDS

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A district court has a limited scope of review and can only set

aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The Commissioner's conclusion is upheld where evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## SUMMARY OF RELEVANT EVIDENCE

In 2009 Plaintiff's mental health treatment included medication, counseling, and inpatient hospitalization. On June 30, 2009, auditory hallucinations were noted. AR. 321. On August 4, 2009, Plaintiff was admitted to the emergency department at St. Joseph Hospital (AR. 394-96) and then apparently transferred to Semper Virens Psychiatric Hospital (AR. 319).

On March 28, 2011, the Humboldt Medical Group noted that Plaintiff suffered psychotic features and referred him to a psychiatrist. AR. 430. Dr. Robert E. Soper, M.D., the treating psychiatrist from May 6, 2011, through 2013, found Plaintiff to be "seriously depressed" with "some polysubstance dependence" and PTSD. AR. 451. On August 3, 2011, Dr. Soper wrote that a recent MRI (AR 373-74) had shown brain damage which should be considered in assessing Plaintiff cognitive impairment. AR. 456.

Dr. Soper summarized Plaintiff's mental status in a letter dated February 21, 2012. AR. 458-61. Symptoms of depression had included suicidal ideation, insomnia, mild psychomotor retardation, anergia, irritability, and lethargy. *Id*. In addition, Plaintiff had problems with occasional auditory and visual hallucinations, and the development of cognitive impairments including problems with concentration, confusion, and short-term memory. *Id*.

## THE FIVE STEP SEQUENTIAL ANALYSIS FOR DETERMINING DISABILITY

A person filing a claim for social security disability benefits ("the claimant") must show

that she has the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or is expected to last for twelve or more months. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909. The ALJ must consider all evidence in the claimant's case record to determine disability (*Id*. § 416.920(a)(3)), and must use a five-step sequential evaluation to determine whether the claimant is disabled (*Id*. § 416.920). "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

Here, the ALJ evaluated Plaintiff's application for benefits under the required five-step sequential evaluation. *See* AR. 79-92.

At Step One, the claimant bears the burden of showing he has not been engaged in "substantial gainful activity" since the alleged date the claimant became disabled. 20 C.F.R. § 416.920(b). If the claimant has worked and the work is found to be substantial gainful activity, the claimant will be found not disabled. *Id*. The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2009, the alleged onset date. AR. 81.

At Step Two, the claimant bears the burden of showing that he has a medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii), (c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting S.S.R. No. 96–3(p) (1996)). The ALJ found that Plaintiff suffered the following severe impairments: an affective disorder; degenerative disc disease of the cervical spine and lumbar spine; right shoulder impingement and rotator cuff tear; an organic mental disorder; and anxiety-related disorder; personality disorder traits; obesity; and mild compression deformity of the thoracic spine. AR. 82.

At Step Three, the ALJ compares the claimant's impairments to the impairments listed in appendix 1 to subpart P of part 404. *See* 20 C.F.R. § 416.920(a)(4)(iii), (d). The claimant bears the burden of showing her impairments meet or equal an impairment in the listing. *Id*. If the claimant is successful, a disability is presumed and benefits are awarded. *Id*. If the claimant is unsuccessful, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds

1  to Step Four.  *Id*. § 416.920(a)(4)(iv), (e).  Here, the ALJ found that Plaintiff did not have an

2  impairment or combination of impairments that met or medically equaled one of the listed

3  impairments.  AR. 82.  Next, the ALJ determined that Plaintiff retained the RFC "to perform at

4  least light work" . . . "except that he can bilaterally reach frequently, and occasionally crouch and

5  stoop.  He is able to sustain at least simple, repetitive tasks equating to unskilled work."  AR. 86.

6       At Step Four, the ALJ determined that Plaintiff was not capable of performing his past

7  relevant work.  AR. 90.  At Step Five, after considering the Plaintiff's age, education, work

8  experience, and RFC, and after consulting with a vocational expert, the ALJ determined that there

9  are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  AR.

10  90.  Accordingly, the ALJ found that Plaintiff had "not been under a disability, as defined in the

11  Social Security Act," through the relevant time period.  AR. 91.

## ISSUESS PRESENTED

13       Plaintiff presents two issues for this court's consideration:  (1) whether the "ALJ

14  committed harmful legal error by failing to give appropriate credit to the treating psychiatrist;" and

15  whether the "ALJ committed harmful legal error by relying on outdated sources to make his

16  findings regarding activities."  Pl.'s Mot. (Doc. 16) at 6 & 8.

## DISCUSSION

### *Dr. Soper's Opinion*

19       Plaintiff challenges the ALJ's rejection of treating psychiatrist Dr. Soper's opinions.  The

20  ALJ rejected Dr. Soper's opinions for three reasons.  First, the ALJ noted that "statements that a

21  claimant is 'disabled,' 'unable to work,' or is unable to perform a past job are administrative

22  findings  . . . reserved to the Commissioner."  AR. 89.  Plaintiff does not challenge the ALJ's

23  rejection of these types of statements made by Dr. Soper.

24       Second, the ALJ Dr. Soper's opinions regarding Plaintiff's forgetfulness, remarking that

25  "Dr. Soper's statements are lacking in distinguishing to what degree the claimant's forgetfulness is

26  organic or caused by polysubstance use and very potent pain medications."  AR. 89.  Plaintiff

27  argues that if this is true, then the ALJ had a duty to fully develop the record by contacting Dr.

28  Soper and seeking clarification.  Pl.'s Mot. (Doc. 16) at 7.  The Commissioner counters that "the

ALJ properly determined that, even with Plaintiff's drug use, he was not disabled; accordingly, no duty to recontact Dr. Soper was triggered." Def.'s Mot. (Doc. 17) at 5.

The issue of whether Plaintiff's impairments are caused by polysubstance abuse does not come into play unless and until the ALJ has made a determination that Plaintiff is disabled. "Under the Contract with America Advancement Act (CAAA), 42 U.S.C. §§ 423(d)(2)(C) and 1382c(a)(3)(J), a claimant 'shall not be considered disabled for the purposes of [receiving benefits] if alcoholism or drug addiction [is] a contributing material factor to the Commissioner's determination that the individual is disabled.'" *Outin v. Astrue*, No. C 10-1764 CW, 2011 WL 3473372, at *4 (N.D. Cal. Aug. 9, 2011) (citing *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). In other words, an ALJ must first find a claimant is disabled then determine whether alcohol or drug addiction is a contributing factor to the disability finding. In the present case, the ALJ reversed course and relied on an ambiguity in Dr. Soper's opinion as to the *cause* of Plaintiff's impairments (whether they were organic or due to polysubstance abuse) to reject the opinion regarding the severity of the impairments. This was error.

Third, the ALJ rejected Dr. Soper's opinion on the basis that "cognitive impairment to the extent opined by Dr. Soper is not supported by contemporaneous medical evidence or the claimant's activities of daily living." AR. 89. The ALJ did not specify which records or how the opinion was not supported, other than to cite to exhibits 22F, 27F, 29F and 31F. The problem with the ALJ simply pointing to these exhibits is that they in no way explain how Dr. Soper's opinions on Plaintiff's cognitive functioning and psychiatric impairments are not supported. Exhibit 22F is a *physical* medical source statement. Exhibit 27F is a consultation report regarding Plaintiff's back condition by a neurosurgery clinic. Exhibit 29F is the records from Humboldt Medical Specialists, which are related to different physical ailments Plaintiff suffered. AR. 547-584. Exhibit 31F is the records from the North Coast Pain Center. AR. 589-96. Again, these are physical medical records and do not relate to Plaintiff's cognitive functioning. Moreover, the ALJ does not identify which of Plaintiff's activities of daily living contradict Dr. Soper's opinions and why.

As to those activities of daily living, the Commissioner suggests that because the ALJ

found Plaintiff's allegations not entirely credible, then "[i]t follows that [Plaintiff's] self-reporting to Dr. Soper was not entirely credible either." Def.'s Mot. (Doc. 17) at 3. Notably, the Commissioner does not point to the ALJ's specific rejection of reports of activities of daily living and instead invites the court to make its own finding of credibility. The court will decline the Commissioner's invitation. The ALJ does not list the rejection of Plaintiff's self-reported activities to Dr. Soper as a basis for the rejection of the doctor's opinion. The Commissioner attempts to provide such a rational, arguing that "cognitive impairment to the extent opined by Dr. Soper was not supported by contemporaneous medical evidence or Plaintiff's activities of daily living (AR 83-84, 89, 245-52, 269-76, 456, 458-61, 463-73, 489, 510-13, 519, 521-24, 526, 529, 534, 549-84, 591-96)." *Id*. at 4. Like the ALJ, the Commissioner does not discuss the details of the records cited or attempt to explain how these records conflict with Dr. Soper's opinions. In order to reject Dr. Soper's opinion on the basis of Plaintiff's "activities of daily living" the ALJ was required to provide "specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id*. (internal citations omitted). In this case, the ALJ failed to provide substantial evidence for any of his reasons to reject Dr. Soper's opinions regarding Plaintiff's mental impairments (other than Dr. Soper's statements regarding disability).

**Plaintiff's Daily Activities**

Plaintiff argues that the ALJ failed to update his reports of Plaintiff's activities with the information reported by Dr. Soper. More specifically, in the 2011 decision, the ALJ reported that Plaintiff engaged in the activities of riding a motorcycle and watching television daily with no noted problems. In 2012, Dr. Soper stated that Plaintiff and his wife reported that Plaintiff no longer rode his "dirt bike" and has serious problems watching television and following instructions. AR. 458-59. Plaintiff argues that the ALJ ignored this updated information in making his 2012 determination.

It is not so much that the ALJ ignored the information all together. Indeed, the ALJ

1  discussed Dr. Soper's report of the diminishment of activities in question. *See* AR. 89. However,
2  the ALJ does not address that report during the detailed discussion of Plaintiff's daily activities
3  when making the Step Three determination. Similarly, the ALJ does not directly explain whether
4  he rejected or incorporated that information into his RFC determination. As stated above, the
5  Commissioner suggests that "it follows" that Plaintiff's reports of no longer riding his motorcycle
6  and difficulties watching television were not entirely credible. Def.'s Br. (Doc. 17) at 4. And, as
7  discussed above, the court will not make such a credibility determination. Instead the court is to
8  review the ALJ's credibility determination. Here, the ALJ failed to reject that report of daily
9  activities with "specific and legitimate reasons that are supported by substantial evidence."
10 *Garrison*, 759 F.3d at 1012.

11     The Commissioner suggests that any error is mitigated by the fact that Plaintiff and his
12 wife admitted that Plaintiff engaged in these activities within the relevant time period and thus the
13 ALJ could reasonably rely on those activities in making his determination. The Commissioner
14 ignores Plaintiff's contention that his condition was worsening during the relevant period. In any
15 event, the ALJ's failure to specifically reject the later reports fails the substantial evidence
16 requirement. *Id*.

## REMAND FOR FURTHER PROCEEDINGS

18     Plaintiff seeks a reversal with an award of benefits, or in the alternative, a remand for
19 further proceedings. A reversal with award is appropriate where "(1) the record has been fully
20 developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has
21 failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or
22 medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ
23 would be required to find the claimant disabled on remand." *Id*. at 1020; *Benecke v. Barnhart*,
24 379 F.3d 587, 593 (9th Cir. 2004). It is not clear in this case that Plaintiff would be entitled to
25 benefits if the testimony were true. The court will leave that decision to the ALJ after a proper
26 analysis of Dr. Soper's opinion within the sequential framework.
27 //
28 //

**CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's motion for summary judgment. The court hereby REMANDS this matter for further proceedings in accordance with this Order.

A separate judgment will issue.

**IT IS SO ORDERED**.

Dated: July 19, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge